Lucille E. ROHLER, Plaintiff-Appellant,

v.

TRW, INC., William N. Lesley and Ralph
M. Lehman, Defendants-Appellees.

No. 77–1947.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 18, 1978.
Decided May 24, 1978.

William E. Marsh, Indianapolis, Ind., for plaintiff-appellant.

John F. Bodle, Lafayette, Ind., for defendants-appellees.

Before FAIRCHILD, Chief Circuit Judge, WOOD, Circuit Judge, and REYNOLDS, District Judge.*

* The Honorable John W. Reynolds, Chief U. S. District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. 42 U.S.C. § 2000e-5 provides in part:

"(e) A charge under this section shall be filed [with the Equal Employment Opportunity Commission] within one hundred and eighty days after the alleged unlawful employment practice occurred  *  *  *.

"(f)(1)  *  *  *  If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d)

REYNOLDS, District Judge.

This is an appeal from the dismissal without prejudice on July 8, 1977, of plaintiff-appellant Rohler's complaint and the denial on July 19, 1977, of her motion for reconsideration of the order of dismissal and for leave to file an amended complaint. We are asked to find that the district court abused its discretion in dismissing the complaint, albeit without prejudice, without granting leave to amend. As a result of the dismissal plaintiff was unable to proceed with her cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., because her ninety-day period for filing suit following receipt of notice of right-to-sue from the Equal Employment Opportunity Commission had expired.[1]

The plaintiff filed a pro se complaint on September 27, 1976, on a form from the clerk's office entitled "Form to be Used by Persons Filing a Complaint Pro Se Under the Civil Rights Act, 42 U.S.C. § 1983." Under the heading "CAUSE OF ACTION", subpart D of which contains the printed statement "I allege that the following of my constitutional rights, privileges, or immunities have been violated:" the plaintiff typed in the following:

"Allegation 1: Mr. Ralph Lehman, Pres., Mr. James C. Hayes, Works Personnel Manager, Mr. R. McCarty Div. Personnel Mgr. induced my termination with Ross Gear Div. of TRW, Inc. without just cause.

"Allegation 2: At least since the year 1953 the practice of discrimination as to

of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved  *  *  *."

sex, age, race, etc. was common despite posted notices to the contrary. (It is my understanding that these were required of a supplier to the U.S. Government). "Allegation 3: Premeditated and continuous harassment on the part of Mr. William M. Lesley causing severe damage to my health."

In answer to subpart E of the form, where it is printed "[t]he following facts form the basis for the allegations listed above in D," the plaintiff attached a typed insert sheet stating as follows:

"Allegation No. 1

"Per letter of August 28, 1972, written by Mr. James Hayes, copy to Mr. Lesley, my employment was terminated as of August 25, 1972. In conference held in October, 1971, called to discuss my request for advancement, Mr. Lesley brought up many vague, completely false and fictitious complaints. My varified [sic] report of over $15,000 savings to the company generated in the year I was allowed to purchase office supplies, furniture, equipment, and machines was ignored. My abilities, education and strict adherence to work far surpassed most other employees.

"Allegation No. 2

"Since my employment in June, 1953 as Secretary to Mr. Roy Reser, an officer of Ross Gear Inc., I was subsequently Mr. Millard McConnell's Secretary and one of three senior secretaries in the Company. After Mr. McConnel's [sic] retirement and the advancement of Mr. Lesley to that dposition [sic], I was denied advancement when there were openings in Purchasing and other Departments. The practice of sexual discrimination was notably consistent throughout Management. Young females were given preferential treatment. Newly employed males were given the title of Buyer after a month, while women with more seniority and much less pay were expected to teach them the job. When I performed the job of buyer, I was not given remuneration usual for this, the title or the recognition.

"Allegation No. 3

"Mr. Lesley assumed Purchasing Managerial duties after about four years in the Department (1968)? and consulted me on numerous matters regarding his decisions, and granting me first choice of vacation time due to my seniority. (later I was given no choice at all) Then a reversal in tactics and in direct conversations it was evident that he was intent on relieving me of employment. Harassment was severe and continuous from that time until my August termination date. Specific instances of these are too numerous to list, but due to my education at Purdue in Personnel Management, I recognized these tactics as exactly a *reversal* of those intended to inspire efficient, motivated, satisfied workers."

Finally, under the printed subpart "F. REQUEST FOR RELIEF", plaintiff typed in "do not" in the space left blank in the printed provision for request for leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915.[2] She typed in a request for relief in the form of reimbursement for loss of income, bonuses, cost of living increases, Company paid portion of stock purchases, loss due to lack of advancement, Company paid pension and social security benefits, and damages to health and mental anguish.

The defendants filed an answer to the complaint in October, 1976. A pretrial conference was held the following May,[3] at which time plaintiff hired an attorney to represent her, and on June 23, 1977, the defendants filed a motion and supporting memorandum for judgment on the pleadings. Plaintiff's attorney acknowledged re-

---

2. 28 U.S.C. § 1915 is the in forma pauperis statute for actions brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 2000e–5(f)(1) authorizes proceedings in forma pauperis for actions brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

3. We do not know what, if anything, occurred at the pretrial conference.

ceipt of the motion but did not respond to it until July 8, 1977, when he filed a motion for leave to amend the complaint, without, however, submitting a proposed amended complaint. On that same day the district court granted defendants' motion and dismissed the complaint without prejudice for failure to state a claim entitling the plaintiff to relief. On July 19, 1977, plaintiff submitted a proposed amended complaint and a motion to vacate the order of dismissal and for leave to amend. The motion was denied.

In its order of July 8, 1977, the district court found that the plaintiff had failed to state a claim under 42 U.S.C. §§ 1981, 1983 or 1985, "[s]ince her complaint, fairly construed, alleges only discrimination on the basis of sex and age." That portion of the order has not been appealed from and we do not consider it.

The district court also considered plaintiff's allegations in light of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.[4] The court found as follows:

"The complaint does not purport to state a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. or under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Before a district court can entertain a claim under either of these statutes, certain jurisdictional prerequisites must be met. Under Title VII, an aggrieved person may not maintain a civil action in federal court unless he or she has filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days after the alleged employment practice has occurred. 42 U.S.C. § 2000e–5(e). (Cita-

tions omitted.) The time for filing such a charge has long since passed. Similarly, under the Age Discrimination Act, an individual may not commence a civil action unless he or she has given the Secretary of Labor sixty days notice of intent to file such an action and such notice is filed within the time limitations prescribed by 29 U.S.C. § 626(d). These limitations have also long since passed.

"It therefore appears, after a careful reading of the complaint, that plaintiff has not only failed to state a claim under 42 U.S.C. § 1983 pursuant to which she expressly brought this action, but she also has stated no cause of action under other statutes which might initially appear relevant to her factual assertions. * *."

In the proposed amended complaint submitted on July 18, 1977, the plaintiff alleged that she had filed a complaint with the EEOC within 180 days of termination of her employment on August 25, 1972, that she received notice of dismissal of her complaint by the EEOC on June 29, 1976, and that she informed the Department of Labor of the unlawful practices of her employer in 1972, and it referred her to the EEOC to pursue her complaint. The district court declined to permit amendment of the complaint, stating that as it had lacked jurisdiction at the time that it dismissed the action, it was without authority to permit amendment.

Appellant claims that the district court erred in dismissing her complaint because of failure to cite appropriate statutory jurisdiction since she had offered a proposed amended complaint based on proper statutory allegations and containing the requisite allegations of exhaustion. She asserts that while the exhaustion of administrative

---

4. 29 U.S.C. § 626(d) provides in part:

"(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

"(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

"(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier."

remedies as required in 42 U.S.C. § 2000e–5 and 29 U.S.C. § 626(d) is a jurisdictional prerequisite to suit, the allegation of exhaustion in the complaint is not. The respondents argue that the plaintiff in her complaint attempted to state a cause of action only under the Civil Rights Act of 1870–71, 42 U.S.C. §§ 1981 et seq., and that she is now asking this court to relate back her Title VII and age discrimination claims to the date of filing of the original complaint, in order to avoid the time limitations on commencement of an action set forth in 42 U.S.C. § 2000e–5(f)(1) and 29 U.S.C. § 626(d). Further they argue that the district court acted properly in dismissing the original complaint in light of appellant's express assertion in the complaint that her action was based on 42 U.S.C. § 1983 and her failure to refer therein either to 42 U.S.C. § 2000e et seq. or 29 U.S.C. § 621 et seq., or to set forth factual allegations to establish the jurisdictional prerequisites to suit imposed by those statutes.

▪ Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, it is not essential that a complainant set forth the statutory basis for the court's jurisdiction in order for the court to assume jurisdiction, if the facts alleged provide a basis for the assumption of jurisdiction. Thus, "the court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming jurisdiction other than one that has been improperly asserted * *." Wright & Miller, Federal Practice and Procedure, § 1206. See also, *Stewart v. United States*, 199 F.2d 517, 520 (7th Cir. 1952); *Sikora v. Brenner*, 126 U.S.App.D.C. 357, 359, 379 F.2d 134, 136 (1967); *Williams v. United States*, 405 F.2d 951 (9th Cir. 1969). Similarly under Rule 8(a)(2) it is not necessary that the plaintiff set forth the legal theory on which he relies if he sets forth

sufficient factual allegations to state a claim showing that he is entitled to any relief which the court may grant. See *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569 (7th Cir. 1975), cert. denied 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); 2A Moore's Federal Procedure ¶ 8.14. As stated by this court in *Janke Construction Company, Inc. v. Vulcan Materials Company*, 527 F.2d 772, 776 (7th Cir. 1976):

> " * * * [T]he fact that Janke misconceived the legal theory of its case does not preclude it from obtaining relief under another legal theory. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading which contains a claim for relief requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' * * *"

▪ While it may impose a heavy burden on the trial court to require it to search a complaint for any claim which may be stated therein, it is a burden which must be undertaken. We believe that the district court has the duty under Rule 8(a) of the Federal Rules of Civil Procedure to read a complaint liberally and to determine whether the facts set forth justify it in taking jurisdiction on grounds other than those pleaded, if the stated grounds do not provide jurisdiction,[5] and also whether the facts set forth state a claim for relief on a basis other than the statutory basis pleaded. See *New York State Waterways Association, Inc. v. Diamond*, 469 F.2d 419 (2d Cir. 1972).

▪ The district court found that the plaintiff herein had set forth a claim of discrimination on the basis of sex and age. We agree. Under a liberal construction of her complaint she had made out a claim that male and younger female employees were unlawfully given preferment by re-

---

5. We make no comment at this time on what added responsibilities a court may have when it supplies printed complaint forms to a pro se litigant. Also, while the Supreme Court has established a policy of liberal interpretation of the procedural requirements in layman-initiated proceedings under Title VII of the Civil Rights Act of 1964, see *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), we rest our decision in this case on the general duties imposed on the district courts by Rule 8 of the Federal Rules of Civil Procedure, and not on the basis that this action is a layman-initiated proceeding brought in part under Title VII.

spondents despite plaintiff's superior abilities and experience. Thus respondents' argument that appellant's proposed amended complaint attempted to "relate back" her age and sex discrimination claims to her supposed claim under 42 U.S.C. § 1983 in order to avoid statutory limitations on suit is incorrect. Plaintiff was merely seeking to correct the improperly asserted statutory bases for jurisdiction and to expand on the factual allegations in her original complaint, without changing the essential character of the cause of action.

*Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), which respondents cite in support of their argument about relation back of causes of action, is not relevant to the situation presented here. In that case the Supreme Court held that Title VII and 42 U.S.C. § 1981 create separate and independent causes of action and therefore the timely filing of an administrative complaint with the EEOC does not toll the statute of limitations on a § 1981 action.

The situation is entirely different where, as here, the plaintiff has asserted a Title VII claim but has failed to cite the proper statutory basis for her cause of action. The appellant Rohler is not attempting to relate back her sex and age discrimination claims to the filing date of a complaint setting forth a separate and independent cause of action. She is merely seeking to amend her complaint to conform the jurisdictional bases asserted to the factual allegations in the original complaint.

Respondents also cite *Chambers v. Omaha Public School District,* 536 F.2d 222 (8th Cir. 1976) and *Brennan v. University of Kansas,* 451 F.2d 1287 (10th Cir. 1971). Those cases are of no more assistance to them than *Johnson. Chambers* stands for the proposition that the reasoning in *Johnson* is equally applicable to an action brought pursuant to 42 U.S.C. § 1983 as to an action brought pursuant to 42 U.S.C. § 1981. The plaintiff in *Brennan* was attempting to amend his complaint at the appellate level to include a new, substantive federal claim in order to avoid dismissal of his original complaint on the basis of sovereign immunity.

Here the district court recognized that the factual allegations in the original complaint set forth a partial cause of action under Title VII and under the Age Discrimination in Employment Act. The judge properly attempted to examine the pleadings to determine whether there were sufficient facts presented to set forth a claim under either of these statutes, rather than limiting his review of the pleadings to the statutory section pursuant to which the action was purportedly brought. He decided that the plaintiff's failure to allege exhaustion of administrative remedies was a fatal jurisdictional defect in the complaint and he therefore dismissed the complaint for failure to state a claim upon which relief could be granted. Thus we are now presented with the questions whether it is essential to plead exhaustion of administrative remedies and, if so, whether it was an abuse of discretion for the district court to dismiss the action without leave to amend.

■ Here again the cases cited by respondents are inapposite. We do not doubt that failure to meet a statutory filing requirement may result in lack of federal jurisdiction. See *Scott v. Railroad Retirement Board,* 227 F.2d 684 (7th Cir. 1955); *Johnson v. Railway Express Agency, Inc.,* 489 F.2d 525 (6th Cir. 1974), aff'd 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Bomer v. Ribicoff,* 304 F.2d 427 (6th Cir. 1962). Nor do we dispute that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII and under the Age Discrimination in Employment Act. See *Terry v. Bridgeport Brass Company,* 519 F.2d 806 (7th Cir. 1975); *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir. 1971); *Choate v. Caterpillar Tractor Company,* 402 F.2d 357 (7th Cir. 1968). Those cases do not, however, answer the question whether failure to allege exhaustion is a defect sufficient to justify dismissal.

Rule 8 of the Federal Rules of Civil Procedure requires that the complaint set forth a short and plain statement of the grounds

upon which the court's jurisdiction depends. In *Gibson v. Kroger Company*, 506 F.2d 647 (7th Cir. 1974), cert. denied 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779, which was an action brought under Title VII, we upheld dismissal of a complaint for failure of the plaintiff to include an allegation of receipt of a right-to-sue notice from the Equal Employment Opportunity Commission.[6] We also stated:

" * * * The defendants' motions [to dismiss for failure to state a claim] clearly called Gibson's attention to the fatal fault in his complaint: his failure to allege that he had either pursued or exhausted the administrative remedies prescribed in Title VII of the Act. Gibson could have cured the fault as soon as he received his right-to-sue notice simply by amending his complaint to include the necessary allegation and the fact of his receipt of the notice. * * * " 506 F.2d at 652.

In contrast, the motion to dismiss of respondents in this case did not "clearly [call appellant's] attention to the fatal fault in [her] complaint." Therefore the question arises whether, despite appellant's failure to allege exhaustion, leave to amend should have been granted.

■ Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be freely given when justice so requires. The district court herein dismissed plaintiff's complaint on July 8, 1977, finding that she had failed to state a cause of action under 42 U.S.C. § 1983, and that while she had made out a claim of age and sex discrimination, she had failed to allege the requisite exhaustion of administrative remedies which was required to give the court jurisdiction over her discrimination claims. Thereafter on July 19, 1977, plaintiff's proposed amended complaint in which she set forth the requisite exhaustion having been submitted to the court, the court nonetheless refused to vacate its earlier order on the basis that it was without jurisdiction and therefore without authority to permit the amendment. The court's conclusion is faulty.

■ In *Austin v. House of Vision, Inc.*, 385 F.2d 171 (7th Cir. 1967), appeal after remand 404 F.2d 401, where the plaintiff failed to make several allegations necessary to state a claim under the antitrust laws and the district court denied leave to amend, this Court stated in reversing the decision of the district court:

"Under the Federal Rules of Civil Procedure, 28 U.S.C.A., a plaintiff is not required to allege the detailed facts which support his claim; he need only make a brief, plain statement sufficient to notify the defendant of the theory of his claim and the grounds which support it. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

"Where, as here, plaintiff seeks an opportunity to amend his complaint in order to meet the objections stated by the trial court, we feel that he should be accorded such an opportunity. Whether such an amended complaint will state a cause of action cannot be determined unless and until such an amended complaint is filed and tested." 385 F.2d at 172.

Thus permission to amend a complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted. Had it been apparent on the face of appellant's initial complaint that she had failed to exhaust administrative remedies and therefore that jurisdiction in the district court could never be established, dismissal without leave to amend would have been a proper remedy. When it does not affirmatively appear that there has been a failure to comply with jurisdictional prerequisites, however, then Rule 8 of the Federal Rules of Civil Procedure requires that leave to amend be given to allow the plaintiff to attempt to comply with the jurisdictional requirements. *Gibson v. Kroger Company, supra,* is not contrary, as in that case the plaintiff had ample notice of the jurisdictional defect in his complaint and nevertheless failed to seek leave to amend before the

---

6. The plaintiff in *Gibson* also commenced suit prior to receipt of the right-to-sue notice.

court dismissed the complaint. We therefore hold that it was an abuse of discretion for the district court to grant dismissal of appellant's complaint without also granting her leave to amend.

One further point remains to consider. Respondents claim that appellant's claim of age discrimination is in any event barred by the applicable statute of limitations, and therefore that even had leave to amend been granted she would have been unable to state a claim entitling her to relief. We take no position. The issue of the statute of limitations not having been raised in the court below, this court will not consider it now. See *Ohio Casualty Insurance Company v. Rynearson*, 507 F.2d 573 (7th Cir. 1974).

For the foregoing reasons, the judgment of the district court is vacated and this cause is remanded to the district court with directions to grant leave to the plaintiff to file an amended complaint, and for such further proceedings as may be deemed appropriate.