Barbara HILDEBRAND and husband,
Jack Robert Hildebrand,
Plaintiffs-Appellants,

v.

HONEYWELL, INC., Defendant-Appellee.

No. 79–3525
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 25, 1980.

* Fed.R.App.P. 34(a);  5th Cir. R. 18.

Kronzer, Abraham & Watkins, Rockne W. Onstad, Houston, Tex., for plaintiffs-appellants.

Carl C. Meier, Minneapolis, Minn., for defendant-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Plaintiffs Barbara Hildebrand and her husband Jack Robert Hildebrand brought suit on February 15, 1977 against Honeywell, Inc., Mrs. Hildebrand's former employer, seeking damages for her wrongful termination on the basis of her age and sex. In their complaint they alleged diversity jurisdiction but failed to allege specifically that there was jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626. Though the complaint did not so state, attached to it was a copy of plaintiff's right to sue letter from the Equal Employment Opportunity Commission notifying Mrs. Hildebrand of her right to institute suit against Honeywell for the alleged discrimination. Honeywell filed its answer on March 8, 1977, asserting as one of its defenses that the action should be dismissed for failure to state a claim upon which relief could be granted. The case lay dormant until April 27, 1979 when the district court entered an order notifying the parties that the matter had been set for docket call and trial on June 11, 1979 and that no motions of any kind other than motions for continuance would be entertained unless filed at least 20 days before the date set for docket call.

On May 22, 1979 Honeywell filed a motion to dismiss the complaint or in the alternative for judgment on the pleadings on grounds that the district court lacked jurisdiction over the subject matter and that the allegations contained in the complaint failed to state a claim upon which relief could be granted.[1] On May 31 defendant Honeywell moved for a continuance on the ground that one of its essential witnesses would be out of the country on the date set for trial. This motion was denied. Then on June 6 plaintiffs Hildebrands filed a motion for leave of court to amend their complaint to allege specifically jurisdiction under the Civil Rights Act, 42 U.S.C. § 2000e et seq., and to include a statement in their complaint that attached as an exhibit was an EEOC right to sue letter. At the same time plaintiffs also filed a motion for continuance alleging that they had been in Europe for the two years during the pendency of the suit on a business assignment for Mr. Hildebrand's employer and would continue to reside in England for another six months until the job assignment had been completed.

The district court entered an order on June 14, 1979 denying plaintiffs' motion for leave to file an amended complaint because it was filed "on the very eve of trial and in contravention of this Court's order that all motions be filed no later than 20 days prior to docket call." The order also granted defendant Honeywell's motion to dismiss plaintiffs' complaint without assigning reasons therefor. On June 18, 1979 final judgment was entered dismissing the suit.

Plaintiffs Hildebrands then filed a motion to amend the court's order of dismissal, which motion was denied by the district court. In its denial order, the district court noted that although its ruling refusing plaintiffs leave to amend their complaint was "a drastic action," the plaintiffs' complaint was deficient "[b]y the admission of

---

1. Honeywell's pleading also alleged that certain matter be stricken from plaintiffs' complaint on the ground that it was immaterial and impertinent.

Plaintiffs' own attorney" and they had failed to prosecute their lawsuit until filing their motion to amend, which motion was not timely and was in contravention of the court's order requiring all motions to be filed 20 days before docket call.

Plaintiffs appealed on the ground that the district court abused its discretion in dismissing their complaint without allowing them leave to amend. We find that the order and judgment of dismissal were erroneously entered and therefore reverse.

While the district court's order of June 14 dismissing plaintiffs' complaint fails to state the court's reasons for dismissal, its subsequent order denying plaintiffs' motion to amend the order of dismissal indicates that the basis of dismissal was the Hildebrands' failure to allege particularly the statutory basis of the court's jurisdiction and their failure to prosecute the action timely. On either ground the court's action was erroneous.

■ Regarding the issue of the complaint's deficiency in alleging proper jurisdiction, it is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute. *Southpark Square Ltd. v. City of Jackson,* 565 F.2d 338, 341 n.2 (5th Cir.); *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1977). *See Schlesinger v. Councilman,* 420 U.S. 738, 744 n.9, 95 S.Ct. 1300, 1306 n.9, 43 L.Ed.2d 591 (1975); *Smith v. United States,* 502 F.2d 512, 519–20 (5th Cir. 1974); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206 at 77–80. Moreover, the district court has a duty under Rule 8(a) of the Federal Rules of Civil Procedure to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction on grounds other than those pleaded. *Rohler v. TRW, Inc.,* 576 F.2d 1260, 1264 (7th Cir. 1978); *New York State Waterways, Association, Inc. v. Diamond,* 469 F.2d 419, 421 (2d Cir. 1972). Here, an examination of the entire complaint reveals a proper basis for assuming jurisdiction under Title VII and the Age Discrimination in

Employment Act. Paragraph III of the complaint alleges that Mrs. Hildebrand was unlawfully terminated because of her age and her sex. It states the underlying factual bases for this allegation. Further, Mrs. Hildebrand's EEOC right to sue letter, though not referred to specifically in the complaint, was attached as an exhibit thereto. Under the circumstances, therefore, the district court erred in dismissing plaintiffs' complaint for a deficiency in pleading without allowing them leave to amend.

■ If the basis of the district court's dismissal of plaintiffs' complaint was their failure to prosecute, we find that the court's ruling was an abuse of discretion. While a court may sua sponte dismiss a case with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, *Link v. Wabash Railroad,* 376 U.S. 626, 629–32, 82 S.Ct. 1386, 1388–90, 8 L.Ed.2d 734 (1962), dismissal with prejudice is an extreme sanction which should be used only "where 'a clear record of delay or contumacious conduct by the plaintiff' exists." *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980), *quoting Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir. 1978). *See Lopez v. Aransas Independent School District,* 570 F.2d 541, 544 (5th Cir. 1978). Furthermore, a party should not be punished for his attorney's mistake absent a clear record of delay or wilful contempt and a finding that lesser sanctions would not suffice. *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980); *Hassenflu v. Pyke,* 491 F.2d 1094, 1095 (5th Cir. 1974).

■ Although plaintiffs failed to take any action to prosecute their suit for a period of over two years, their motion for a continuance indicates that they were overseas during the entire period the case was pending. Thus they appear to have been penalized by the lack of diligence of their attorney, who failed to file a second pleading until June 6, 1979, at which time he filed a motion for leave to amend the complaint. Plaintiffs' motion was prompted by defendant Honeywell's motion to dismiss, which was not filed until May 22, 1979, the last day upon which the court stated it would entertain motions other than motions

to continue. Prior to Honeywell's motion to dismiss, which the court granted, no pleading other than a motion to substitute counsel had been filed by defendant since its answer to plaintiffs' complaint on March 8, 1977. Under the circumstances, no clear record of wilful contempt or contumacious conduct by the Hildebrands has been demonstrated.

Moreover, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be freely given when justice so requires. Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief or defendant will be unduly prejudiced. *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977); *Rohler, supra*, 576 F.2d at 1266. Since the facts alleged in plaintiffs' original complaint were sufficient to notify defendant Honeywell of the theory of their claim and the grounds which support it, *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), leave to amend to properly allege a claim under Title VII and the Age Discrimination in Employment Act should have been granted.

REVERSED AND REMANDED.