Margaret S. DOSS, Plaintiff–Appellant,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant–Appellee.

No. 87–4335
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1987.
Rehearing and Rehearing En Banc
Denied Jan. 5, 1988.

John Booth Farese, Ashland, Miss., for plaintiff-appellant.

Kenneth E. Milam, R. Pepper Crutcher, Jr., Jackson, Miss., for defendant-appellee.

Before RUBIN, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Margaret Doss appeals the district court's dismissal of her complaint pursuant to Fed.R.Civ.P. 12(b)(6). Doss' complaint alleged both age and sex discrimination on the part of her employer, South Central Bell Telephone Company. The district court dismissed the entire complaint with prejudice for failure to state a claim upon which relief could be granted. Doss, however, appeals only the dismissal of the age discrimination claim. We find that the complaint sufficiently alleged a claim of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S. C. §§ 621–634, and we vacate the order of dismissal.

### I.

Margaret Doss is a white female who has been employed by South Central Bell Telephone Company (Bell) since 1947. On January 13, 1984, Doss filed a charge with the Equal Employment Opportunity Commission (EEOC) against Bell, alleging age discrimination. In retaliation for her decision to file an EEOC charge, Bell allegedly began transferring Doss from job to job. Doss filed another charge with EEOC, this time complaining of improper retaliation.

On October 21, 1985, Doss filed the complaint at issue in this case. She alleged that Bell had conspired to rid itself of older employees before retirement in order to avoid distribution of funds under its pension and other benefit plans, and that her transfers were part of this scheme. She also alleged sex discrimination on the ground that her job transfers were more frequent than those of similarly situated male employees. Doss claimed $100,000 in actual damages in the form of economic loss and mental anguish. She also sought punitive damages of $5,000,000, costs, interest, and attorney fees.

On December 6, 1985, Bell moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Bell's motion and supporting memorandum, copies of both of which were sent to Doss, pointed out several defects in the complaint. Two of those defects are relevant to this appeal. First, although Doss alleged age discrimination, she sought relief under Title VII, which does not provide a cause of action for age discrimination, rather than under

the ADEA. Second, although Doss requested compensatory and punitive damages, Title VII provides only equitable relief, such as reinstatement, back pay, or an injunction.[1]

On January 8, 1986, Doss filed an answer in response to Bell's motion to dismiss. In that answer she denied that relief from age discrimination is unavailable under Title VII. In her accompanying memorandum of law she argued that general and punitive damages are available under Title VII when a plaintiff alleges that her employer has violated her constitutional rights. Doss filed an answer and Bell submitted a response to the arguments of Doss' memorandum. In March 1986 the parties filed additional legal memoranda with regard to Doss' sex discrimination claim.[2] Neither Bell nor Doss filed any further pleadings or memoranda prior to dismissal more than a year later.

On April 3, 1987, the district court issued an order dismissing Doss' complaint accompanied by a memorandum opinion. The court's order dismissed with prejudice: (1) Doss' claims under 42 U.S.C. § 1981; (2) Doss' age discrimination claim under Title VII; (3) Doss' sex discrimination and retaliation claims for actual and punitive damages under Title VII; and (4) Doss' constitutional claims. The court's opinion stated that Doss' complaint was not the product of reasonable inquiry into the applicable law. Therefore, pursuant to Federal Rule of Civil Procedure 11 Bell was entitled to an award of reasonable attorney's fees and costs from Doss' attorney who signed the pleadings.

## II.

Doss' single claim on appeal is that the district court erred in dismissing her complaint because she stated a cause of action for age discrimination and made only a technical mistake in failing to cite the ADEA.[3] We agree that dismissal was

---

1. Other defects claimed by Bell to justify dismissal were: (1) Doss' improper invocation of 42 U.S.C. § 1981 as a basis for her claims; (2) Doss' demand for a jury trial to which she was not entitled due to the equitable nature of the only available relief; (3) Doss' improper claim that Bell, a private employer, had violated her rights under the United States Constitution, and (4) Doss' failure to allege exhaustion of administrative remedies with regard to her Title VII sex discrimination claim.

2. On March 17, 1986, Doss filed a supplemental answer to Bell's motion to dismiss. Included with Doss' answer was a right to sue letter from the EEOC that apparently stemmed from a sex discrimination charge, the existence of which Doss had not disclosed in her complaint. Bell responded with a reply memorandum on March 21, 1986.

3. Doss did not appeal the dismissal of her sex discrimination or retaliation claims. The appropriateness of those dismissals, therefore, is not before this court, Doss having waived the issue. *See Texas Mortgage Services Corp. v. Guadalupe Savings & Loan Association,* 761 F.2d 1068 (5th Cir.1985). Nevertheless, we are of the opinion that dismissal was not proper. The court stated that it dismissed those claims because the plaintiff had requested legal relief rather than the equitable relief authorized by Title VII. However, demand of an improper remedy is not fatal to a party's pleading if the statement of the claim is otherwise sufficient to show entitlement to a different form of relief. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1255 (1969); *see Hostrop v. Board of Junior College District No. 515,* 523 F.2d 569, 581 (7th Cir.1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976) (court will grant relief to which plaintiff is entitled even though he has not demanded it); *cf. East Girard Savings Assoc. v. Citizens National Bank & Trust Co. of Baytown,* 593 F.2d 598, 604 (5th Cir.1979) (allegation that plaintiff injured by defendant's wrongful dishonor of letter of credit sufficient to allow action for face value of note).

We note further that although Doss did not originally allege exhaustion of administrative remedies with regard to her sex discrimination claim, her supplemental answer to defendant's motion to dismiss, *see supra* note 2, includes as an exhibit a copy of an EEOC right to sue letter apparently pertaining to that claim. In the event this claim is reinstated, as discussed below, the district court should allow Doss to amend her complaint in this regard. *See Scarlett v. Seaboard Coast Line R.R.,* 676 F.2d 1043, 1047 (5th Cir. Unit B 1982); *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983).

Doss' retaliation claim was sufficiently pled to withstand a motion to dismiss. In fact, Bell's motion to dismiss does not appear to us to extend to the retaliation claim. The district court, however, dismissed the retaliation claim, and, as noted above, the issue is not before this court.

Nevertheless, Doss is not without an avenue of potential relief from dismissal of these

improper although the actions of Doss' counsel in response to Bell's motion to dismiss demonstrate more than a mere technical mistake in failing to cite the ADEA as the basis for the age discrimination claim.

Bell's initial memorandum accompanying its motion to dismiss informed Doss that Title VII did not provide a cause of action for age discrimination but that the ADEA did. Doss argued in her responding memorandum that Bell was wrong. She repeatedly asserted that her complaint was sufficient. Doss argued that Title VII would allow her to recover compensatory and punitive damages for age discrimination because Bell's discrimination on the basis of age violated her civil rights. She also argued that her age discrimination claims were cognizable under 42 U.S.C. § 1981 and under various state law theories.[4] Thus, Doss' failure to allege violation of the ADEA was not a technical mistake, but, rather, a conscious decision made under an incorrect analysis of the law.

Nevertheless, dismissal of Doss' complaint was improper. An initial complaint must be construed liberally so as to do substantial justice. *Jones v. State of Louisiana,* 764 F.2d 1183, 1185 (5th Cir.1985); Fed.R.Civ.P. 8(f). Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 598 (1969)).

■■■ The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Thus, the fact

that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory. *Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707 (8th Cir. 1979); 2A J. Moore, Moore's Federal Practice ¶ 8.14. When presented with a Rule 12(b)(6) motion to dismiss, the district court must "examine the complaint to determine if the allegations provide for relief on any possible theory." 5 C. Wright & A. Miller, *supra,* § 1357 at 602; *see Robertson v. Johnston,* 376 F.2d 43 (5th Cir.1967) (plaintiff's complaint did not specifically allege proper section of the Civil Rights Act, but court examined complaint and upheld in light of proper section).

This court upheld as sufficient to withstand a motion to dismiss a complaint deficient in the same manner as Doss' in *Hildebrand v. Honeywell,* 622 F.2d 179, 181 (5th Cir.1980). The plaintiff in *Hildebrand* sought damages against her employer for wrongful termination on the basis of age and sex. Her complaint alleged diversity jurisdiction but not a right to relief under either the ADEA or Title VII. The defendant moved to dismiss the complaint and fifteen days later the plaintiff filed a motion for leave to amend to add Title VII and the ADEA to the complaint. The district court denied the motion for leave to amend and dismissed the complaint. This court reversed the district court citing well-settled law that "where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Id.* at 181 (citing numerous cases).

*Hildebrand* is different from the case at bar because Hildebrand's counsel sought leave to amend to add the ADEA as soon as the defendant pointed out the defect in

---

claims. Doss' Fed.R.Civ.P. 60(b) motion for reconsideration of the order of dismissal and Fed.R.Civ.P. 15(a) motion for leave to file an amended complaint are currently pending before the district court. The court may in its discretion decide to withdraw its dismissal of Doss' retaliation and sex discrimination claims.

**4.** Doss did not allege any state law violations in her complaint. The district court, however, addressed her assertion of state law claims in its memorandum opinion, deciding they were without merit. Since these claims were not in the complaint itself, there is some question whether they could be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See* C. Wright & A. Miller, *supra,* § 1366. That issue, however, is not before the court and we need not decide it.

pleading. Thus, the mistake in *Hildebrand* is more properly cast as a technical mistake than is Doss' failure to cite the ADEA. The defects in the complaints themselves, however, are identical, and in ruling on a motion to dismiss, it is the complaint that must be considered, not the actions of counsel.

Doss' complaint served to notify Bell of the nature of her claim and the grounds upon which she relied. Bell knew that Doss' cause of action was proper under the ADEA. The complaint sufficiently alleged facts, which, if true, stated a claim for equitable relief under the ADEA. Thus, even though Doss demanded a legal remedy which was improper under the ADEA, the complaint stated a claim sufficient to withstand a motion to dismiss. 5 C. Wright & A. Miller, *supra* § 1255 (demand for improper remedy not fatal if claim shows potential entitlement to different form of relief); *see Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 581 (7th Cir.1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976) (court will grant relief to which plaintiff entitled even though he has not demanded it); *cf. East Girard Savings Assoc. v. Citizens National Bank & Trust Co. of Baytown*, 593 F.2d 598, 604 (5th Cir.1979) (allegation that plaintiff injured by defendant's wrongful dishonor of letter of credit sufficient to allow action for face value of note).

### III.

For the reasons stated above, the order of the district court is VACATED and this action is REMANDED for further proceedings. This action intimates no opinion concerning the pending motion for rule 11 sanctions against counsel.