W. FIGUEROA, C. Gonzalez, V. Guerrero, and M. Lopez, Plaintiffs,

v.

Daryl GATES, et al., Defendants.

No. CV 00–04158 ABC (BQRx).

United States District Court, C.D. California.

Nov. 3, 2000.

Stephen Yagman, Kathryn S. Bloomfield, Yagman & Yagman & Reichmann, Venice Beach, CA, for plaintiffs.

James K. Hahn, City Attorney, Kim Rodgers Westhoff, Deputy City Attorney, Los Angeles, CA, for defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.PRO. 12(B)(6)

COLLINS, District Judge.

On October 4, 2000, a Motion to Dismiss was filed on behalf of twenty-three of the

seventy-two named Defendants in this case. Ten of these seventy-two Defendants submitted a prior Motion to Dismiss on July 27, 2000, which this Court granted in part and denied in part on August 28, 2000.[1] After considering the materials submitted by the parties and the case file, for similar reasons the Court once again GRANTS IN PART AND DENIES IN PART these Defendants' Motion.

## I. BACKGROUND

On April 19, 2000, Plaintiffs filed a Complaint alleging various violations of federal law stemming from the deaths of J. Figueroa and M. Guerrero. The Complaint has gone through various iterations and the operative complaint is now the Second Amended Complaint ("SAC"). Plaintiffs' claims therein arise primarily under the Civil Rights Act of 1871 (42 U.S.C. § 1983) and the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961 et seq.).

Plaintiffs are relatives of the decedents. See SAC ¶¶ 28–32. Defendants consist of seventy-two named individuals. Plaintiffs are suing present and former chiefs of the Los Angeles Police Department ("LAPD"), the mayor, present and former city council members, present and former members of the LAPD Board of Commissioners, present and former employees of the City Attorneys Office, and various police officers that are associated with the LAPD's Special Investigation Section ("SIS"). See SAC ¶ 4. Ten of these named Defendants filed a Motion to Dismiss ("prior Motion") on July 27, 2000.[2] That Motion was granted in part and denied in part: on August 28, 2000. Plaintiffs' Motion for Reconsideration was denied on October 12, 2000.

 Twenty-three of the seventy-two named Defendants filed a second Motion to Dismiss the SAC on October 4, 2000 ("Motion").[3] Many of the arguments raised therein are identical to those raised in the prior Motion.[4] On October 23, 2000, Plaintiffs filed their "Opposition," which does not dispute the Motion on its merits, but instead objects under Local Rule 7.4.1.[5] Defendants' 7.4.1 compliance is

---

1. The present Motion includes one of the ten Defendants who filed the prior Motion to Dismiss (Ruth Galanter), and is therefore at least in part an attempt to take a "second bite at the apple." This is also the case because of the identical arguments raised in this Motion that were already considered and rejected in the prior Motion.

2. The prior Motion was filed on behalf of individual Defendants Richard Riordan, Daryl Gates, Bernard Parks, Gerald Chaleff, Michael Feuer, Ruth Galanter, Nate Holden, Joel Wachs, James Hahn, and Rodney Rodriguez. See Notice of Motion filed July 27, 2000. In their Reply on the prior Motion, Defendants omitted one name listed on the Motion (Ruth Galanter) and "threw in" four "new" names (Stanley Sheinbaum, Mark Ridley–Thomas, Richard Alarcon, and Zev Yaroslavsky). The Court disregarded this attempted or inadvertent substitution, and treated the prior Motion as including those Defendants on the initial Notice of Motion. The Court did not admonish Defendants for their sloppiness at the time, but now that it is potentially important who was included in the prior Motion, the Court does admonish defense counsel for its lack of specificity and clarity. Giv-

en the number of Defendants, it is incumbent upon Defendants to remain focused and well-organized.

3. Defendants on the present Motion are Jerry Brooks, Brian Davis, Joe Friea, Dean Gizzi, Edward Guiza, John Helms, Richard Spelman, Larry Winston, Phillip Wixon, John Tortorici, Joe Callian, James Toma, Charles Bennett, Gary Holbrook, James Harris, Robert Kraus, James Kilgore, Angela Dumler, Jeff Gallagher, Ruth Galanter (also on the prior Motion), Michael Woo, Willie Williams, and Daniel Koenig.

4. Large sections of this Motion are copied from the prior Motion. Although Defendants may feel the need to bring identical arguments on behalf of new Defendants, the Court considers submission of nearly the same brief to be a waste of time on those issues on which the Court has already rejected Defendants' arguments, as a matter of law.

5. The two-page "Opposition" filed by Plaintiffs consists only of a 7.4.1 objection. Plaintiffs' counsel argues Defendants have failed to comply with Local Rule 7.4.1 because the Motion contains only the following sentence

sloppy at best, but the Court will not on that basis alone deny the Motion.

## II. STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. *See* Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990). "The Rule 8 standard contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *accord Gilligan*, 108 F.3d at 249 ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'").

The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). Moreover, the complaint must be read in the light most favorable to the plaintiff. *See id.* However, the Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See, e.g., Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint, (*e.g.*, facts presented in briefs, affidavits, or discovery materials). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994). A court may, however, consider exhibits submitted with the complaint. *See id.* at 453–54. Also, a court may consider documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Id.* at 454. Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. *Mir, M.D. v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir.1988).

Lastly, a Rule 12(b)(6) motion "will not be granted merely because [a] plaintiff requests a remedy to which he or she is not entitled." Schwarzer, Tashima, and Wagstaffe, *Civil Procedure Before Trial* § 9:230 (2000). "It need not appear that plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that some relief can be granted." *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1104 (D.C.Cir.1985); *see also Doss v. South Central Bell Telephone Co.*, 834 F.2d 421, 425 (5th Cir.1987) (demand for improper remedy not fatal if claim shows plaintiff entitled to different form of relief).

---

indicating compliance: "Local Rule 7.4.1 has been complied with [sic] defense counsel's attempts to discuss this matter with plaintiff." Notice of Motion filed October 4, 2000. Plaintiffs' counsel argues the Motion should be rejected in its entirety without consideration due to its failure to "comply with what is required by L.R. 7.4.1," and because it is "devoid of any explanation concerning this topic ..." Opposition filed October 23, 2000 ("Opposition") at 2. The alleged defect is apparently that the Motion does not specify a *date* on which a Local Rule 7.4.1 meet-and-

confer was held. However, this exaltation of form over substance does not present a sufficient reason to reject a Motion in its entirety, especially when Plaintiffs' counsel does not *dispute* that a Local Rule 7.4.1 meeting was held, or that it was timely held. Plaintiffs' counsel chose to have this stand as his only opposition to the present Motion, rather than filing this objection *along with* his opposition on the merits. The objection on Local Rule 7.4.1 grounds is an insufficient basis for refusing to hear the Motion. The Court will instead consider the Motion on its merits.

## III. DISCUSSION

### A. Plaintiffs Adequately State a Section 1983 Claim

Defendants have merely copied over and resubmitted Parts II and III of the prior Motion, alleging that Plaintiffs have not set forth a "short and plain statement of the claim" (Part II) and that Plaintiffs have failed to state a claim for relief against Defendants in their individual capacity because they have not alleged any specific facts linking the Defendants to a constitutional deprivation (Part III).[6] For the same reasons that these arguments were rejected in the Order issued on August 28, 2000, the Court finds these arguments unavailing. *See* Order filed August 28, 2000 ("Prior Order") at 4 ("Although the SAC is far from a model of specificity and clarity, it sufficiently alleges *who* did *what*.") (emphasis in original). The SAC, therefore, withstands Defendants' challenge, and is not dismissed on this basis.

### B. Former Chief Williams Cannot Be Sued In An Official Capacity

■ Defendants argue that Defendant Willie Williams, as former Chief of Police, can no longer be sued in an official capacity under Section 1983 because he is no longer an official of the City of Los Angeles. Defendants made the same argument in the prior Motion regarding former Chief of Police Daryl Gates, and Plaintiffs conceded Gates was in the action only as to his individual capacity. *See* Prior Order at 6 n. 4. Likewise, Williams may not be sued in an official capacity.

■ An official capacity Section 1983 suit is really asserted against the entity represented by that official. Thus, where an official is replaced in the period preced-ing suit or during the pendency of the suit, it is appropriate to substitute the name of the replacement in place of the prior official, only with regard to the official-capacity basis for suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 n. 11, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). To the extent that former Chief Willie Williams is sued in his official capacity, therefore, these claims are hereby DISMISSED from the case.

However, this provides no authority for Defendants' additional suggestion that former Chief Williams should be dismissed from this suit in entirety. As has already been stated, Plaintiffs sufficiently state a basis for individual capacity suits against these Defendants. Thus, the Court DENIES Defendants' motion on that basis.[7]

### C. City Attorney and City Council Defendants Are Not Entitled to Dismissal on the Basis of Absolute or Qualified Immunity

In the prior Motion, Defendants argued that members of the city council, as "local legislators," were entitled to absolute immunity for their "legislative activities." Further, they argued that both the city council and the city attorney were entitled to dismissal on grounds of qualified immunity. The Court rejected these arguments in its August 28, 2000 Order, based on the *Trevino v. Gates* cases. *See* Prior Order at 4–5 (citing *Trevino v. Gates*, 23 F.3d 1480 (9th Cir.1994), and *Trevino v. Gates*, 99 F.3d 911 (9th Cir.1996)).

■ Defendants make substantially the same argument in the current Motion, as to qualified immunity for past and present members of city council and for city attor-

---

**6.** Defendants offer no explanation for why these arguments, which in both the prior Motion and the current Motion are alleged to require dismissal as to all Defendants, appear in a second Motion to Dismiss rather than in a Motion for Reconsideration. The Court will assume that Defendants feel they need to assert these arguments again for the Defendants represented on the current Motion, and deny them again.

**7.** Defendants provide no separate authority or argument on this point, and seem to rely on the previously-discussed arguments.

ney Defendants, and as to absolute immunity for Defendants Ruth Galanter and Michael Woo as "local legislators." *See* Motion at 4–9. The only addition to Defendants' argument is that on the issue of the application of qualified immunity to members of the city council and the city attorneys, Defendants have cited to the recently-decided case *Cunningham v. Gates,* 229 F.3d 1271 (9th Cir.2000). However, the *Cunningham* decision does not change the calculus in this Motion to Dismiss. Claims against past and present members of the city council and the city attorneys cannot be dismissed on either absolute or qualified immunity, *at this stage.*

As to absolute immunity for members of the city council, again Defendants have merely copied and resubmitted the argument from their prior Motion. They argue indemnification decisions are "legislative" in nature. *See* Motion at 7–9. The Court rejects this argument, for the same reason it did before: the same argument was presented to the Ninth Circuit and rejected in *Trevino v. Gates,* 23 F.3d at 1482–83.

 As to qualified immunity, *Cunningham* merely reaffirms the holding of the *Trevino* cases that "[a] city council does not violate section 1983 if it indemnifies officers against punitive damage awards on a discretionary, case by case basis, and complies in good faith with the requirements of Cal.Gov.Code § 825(b)." *Trevino,* 99 F.3d at 918; *Cunningham,* 229 F.3d 1271, 1291–92. The same standard applies to city attorneys. In *Cunningham* (and in the latter *Trevino* case), the court found on a motion for *summary judgment* that no *evidence* of lack of good faith had been shown. Here, however, Plaintiff has *alleged* the lack of good faith compliance with Section 825(b). *See* SAC ¶ 42.

Therefore, the Court is unable to decide the issue of these city officials' good faith compliance with Section 825(b) on a motion to dismiss. Such a decision must wait until evidence of their good faith or lack thereof can be presented to the Court, as

*Cunningham* reaffirms the *Trevino* conclusion that this is a fact-based inquiry. On this basis, therefore, the Court once again DENIES Defendants' Motion.

**D. The Court Has Already Dismissed Plaintiffs' RICO Claims**

The Court already dismissed the RICO claims in the prior Order, so will disregard that portion of Defendants' Motion that seeks once again to have these claims dismissed. This is a mere redundancy.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendants' Motion. Claims against former Police Chief Willie Williams in his official capacity are DISMISSED with prejudice. The RICO claims have already been dismissed. The Motion is DENIED in all other respects.