[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13041
Non-Argument Calendar

_____

D. C. Docket No. 05-21495-CV-FAM

AISHA GOODISON,

 Plaintiff-Appellant,

versus

WASHINGTON MUTUAL BANK,
LAW OFFICES OF MARSHALL C. WATSON, P.A.,
MICHELLE E. OLENN,
SCOTT R. WEISS,
LAURA M. CARBO,
FABY VARGAS, et al.,

 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 18, 2007)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Aisha Goodison appeals the district court's order dismissing, with prejudice, her third amended civil complaint against Washington Mutual Bank, the Law Offices of Marshall C. Watson, the Village of Miami Shores, the law firm of Genovese, Joblove and Battista, and several individual defendants, pursuant to Fed. R. Civ. P. 41(b), because she failed to comply with the district court's order to conform her amended complaint to the requirements of Fed. R. Civ. P. 8(a) and 10(b). We affirm the district court.

The district court dismissed Goodison's third complaint because: (1) she failed to make meaningful modifications to her complaint in order to comply with Rule 8(a)(2); and (2) she continued to employ a "shotgun approach" to pleading, making it virtually impossible for the defendants to answer. The district court did not abuse its discretion in dismissing Goodison's complaint. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (stating we review orders dismissing complaints based on non-compliance for an abuse of discretion). A district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980).[1] "The legal standard to be

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.' Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth*, 766 F.2d at 1535 (internal citation omitted). Even though the district court instructed Goodison to re-draft her complaint in order to make it more concise, her third amended complaint was approximately eight pages longer than her original 57-page complaint. Furthermore, her third amended complaint, like her original complaint, contained multiple pages of irrelevant factual allegations and redundant narratives. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading contain "a short and plain statement of the claim" showing that the pleader is entitled to relief").

In addition, as the district court correctly noted, it was impossible to discern how the defendants could answer Goodison's complaint because she repeatedly failed to comply with Rule 10(b) by ensuring that each count stated a legal basis for the claim it set forth. Rule 10(b) requires the averments of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and][e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b). Moreover, Goodison continued to employ a

3

"shotgun" approach in her third amended complaint by including approximately 60 legal and non-legal subheadings/counts, and, in several instances, she did not even designate which "defendants" she was accusing. We have determined that "shotgun" complaints are not sufficient pleadings, stating that:

> The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous.

*Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). In such cases, it is important for a court to "narrow and define the issues from the earliest stages of the litigation." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). "Absent such efforts, shotgun notice pleadings . . . would impede the orderly, efficient, and economic disposition of disputes." *Id.*

The district court did not abuse its discretion in dismissing Goodison's third amended complaint, pursuant to Rule 41(b), because Goodison made no meaningful attempt to comply with the district court's orders despite being given multiple opportunities to file amended complaints. Accordingly, we affirm.

**AFFIRMED.**