**Larry FORD, Plaintiff-Appellant,**

v.

**FOGARTY VAN LINES, INC., Gerald M. Branch, Defendants-Appellees.**

No. 85–8390.

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1986.

Joseph H. King, Jr., Alice C. Stewart, Atlanta, Ga., for plaintiff-appellant.

Robert E. Corry, Jr., Atlanta, Ga., for defendants-appellees.

Before RONEY and CLARK, Circuit Judges, and FAIRCHILD *, Senior Circuit Judge.

* Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

PER CURIAM:

In this diversity jurisdiction personal injury action arising out of a motor vehicle collision, the district court dismissed the case with prejudice because plaintiff's counsel failed to file a timely pretrial order.

This Court is not unmindful of the responsibility of trial courts to actively move cases through the system. Often the reluctance or dilatoriness of counsel substantially impedes this endeavor. In deciding whether a case was properly dismissed with prejudice, which may visit the faults of the recalcitrant lawyer on a client innocent of wrong, however, this Court must review the action under well-established principles.

While the district court has broad powers under the Federal Rules of Civil Procedure to impose sanctions for a party's failure to abide by court orders, dismissal of an action with prejudice is a "sanction of last resort, applicable only in extreme circumstances." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). A party should not be punished for his attorney's mistake absent a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir.1980). A pattern of willful disobedience is not present in this case. *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir.1978). A party's simple negligence in complying with a court's order does not warrant dismissal. *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1357 (11th Cir.1982).

Absent a showing of a "clear record of delay or contumacious conduct by the plaintiff," the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with the court's orders and expedite proceedings. *Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d 1360, 1361 (5th Cir.1976); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir.1972).

In the instant case, the district court dismissed the case with prejudice without exploring lesser sanctions, particularly against the attorney, that might have progressed the case in compliance with the court's requirements. The record makes no mention of alternative sanctions. In light of this fact and an absence of a "clear record of delay" and "contumacious conduct by the plaintiff," we hold that the dismissal with prejudice was not warranted. Fogarty Van Lines has not shown that it was prejudiced in such a manner as to require dismissal with prejudice.

The reversal of the dismissal with prejudice does not deprive the district court of the authority to impose lesser sanctions against the plaintiff, or disciplinary action against the attorney, if the Court decides such would be appropriate under the established law and the facts of this case.

REVERSED and REMANDED.