[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10004
Non-Argument Calendar

_____

D. C. Docket No. 04-01134-CV-ORL-28DAB

WILLIAM P. COLLINS, JR.,

Plaintiff-
Counter Defendant-
Appellant,

versus

LAKE HELEN, L.P.,
a.k.a. Lake Helen, Limited Partnership,
a.k.a. Lake Helen, Ltd.,

Defendant-
Counter Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 20, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

William P. Collins leased property in Volusia County, Florida from Lake Helen, L.P., for almost nine years. But shortly after Lake Helen's general partner sold his interest in the partnership in 2004, Collins received notice to vacate the premises. Collins responded by suing Lake Helen in Florida state court, asserting that improvements he had made on the property entitled him to an equitable lien in the amount of those improvements. After Lake Helen removed the case to federal court, the magistrate judge dismissed Collins' complaint for want of prosecution. On appeal, Collins raises two issues: (1) whether the district court abused its discretion in dismissing his complaint; and (2) whether the district court abused its discretion by failing to sanction Lake Helen for discovery abuses. For the reasons set forth below, we vacate the dismissal of Collins' complaint but affirm the decision not to award discovery sanctions.

## I.

The underlying dispute in this case arose from a real estate venture in Volusia County, Florida. Between 1995 and 2003, Collins entered into a number of lease agreements with Lake Helen, almost all of which included an option for Collins to purchase the land. During those years Collins allegedly made

2

improvements to the property, including repairs, land clearing, debris removal, and excavation. In February 2003, Collins and Lake Helen entered into a verification agreement that granted Collins a non-exclusive right to sell the property. Under that agreement, if Collins orchestrated a successful sale of the property, he would pay the first $4 million to Lake Helen's general partner, Fredrick Steudler, and pocket the balance. Collins characterizes the agreement as a joint venture.

Collins did not sell the property. Instead, in June 2004 Steudler apparently sold his interest as general partner in Lake Helen to Steven Gatton and gave Collins a 15-day notice to vacate. Instead of vacating the property, Collins sued Lake Helen in state court on June 30, 2004, seeking an equitable lien on the property for the value of the improvements he allegedly made during his tenancy. Lake Helen removed the case to federal court on July 26 and filed a counterclaim for an alleged breach of the lease between Lake Helen and Collins. Lake Helen also filed an eviction action in state court to remove Collins from the premises, an action that proved successful and resulted in Collins' eviction in October 2004.

The ensuing litigation on Collins' equitable lien claim has generated numerous motions for deadline extensions from both sides. Among the stated reasons for the extensions were: (1) hurricanes; (2) illnesses; (3) vacations; (4) failure of witnesses to show up for depositions; (5) unavailability of out of state

3

witnesses; and (6) failure to submit discovery documents. The court granted almost all of the parties' motions for extended deadlines.

Eventually the court grew weary of granting more time extensions. And after the parties failed to prepare a final joint trial statement, the magistrate judge's patience was gone. The responsibility for preparing the joint statement originated in a scheduling order dated February 2, 2005, which required the parties to meet in person to prepare the statement no later than July 5, 2006. Once prepared, the statement was to be filed by July 18, 2006.

Apparently, Collins placed little value on getting the statement filed. When the July 18th filing deadline arrived, he filed a motion to extend the filing deadline by one month to August 18th. Lake Helen objected to the extension, but after hearing arguments from both parties, the magistrate judge extended the filing deadline to September 15, 2006. Lake Helen attempted to get the statement completed. In fact, Lake Helen went so far as to file a motion to compel Collins to participate in the preparation of the joint statement. Nevertheless, the parties did not meet the September 15th deadline.

On September 25, 2006, the magistrate judge heard arguments on Lake Helen's motion to compel. At that hearing, the magistrate judge entered an order requiring the joint statement to be filed no later than October 13, 2006. The

magistrate judge then told the parties what would happen if the new deadline was not met: "And I say, this may have been implicit, but let me make it explicit: If this deadline isn't met, I am going to do a report and recommendation to the District Judge that the case be dismissed for a lack of prosecution."

Despite the magistrate judge's explicit warning, the parties could not agree on a joint statement before the October 13th deadline. Unfazed, Collins filed yet another motion for an extension of time on October 17th, along with a motion for sanctions against Lake Collins for discovery violations. On October 19, the magistrate judge denied both of those motions.

In addition to denying Collins' motions, the magistrate judge followed through on his earlier threat to issue a report and recommendation to the district court that the entire case—both Collins' complaint and Lake Helen's counterclaim—be dismissed for want of prosecution. In recommending dismissal, the magistrate judge noted that both parties had received adequate time to complete discovery and to prepare the case for trial. He further noted that despite numerous deadline extensions and the court's "clear directive" to file a final pretrial statement by October 13th, the parties had failed to file that statement. The judge also pointed out that Collins did not even file his motion for an extension of the October 13th deadline until four days after the deadline had

passed. And when he did file it, Collins blamed everyone from the district court clerk to Lake Helen for the failure to meet the deadline.

On November 29, 2006, the district court adopted the magistrate judge's report, dismissing Collins' complaint and Lake Helen's counterclaim. Collins is appealing both the dismissal of his complaint and the denial of his motion for discovery sanctions.

## II.

### A.

We review the district court's dismissal of a case for want of prosecution for an abuse of discretion. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Id. (quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1324 (11th Cir. 2005)).

On appeal Collins contends that the district court's dismissal of his complaint constituted an abuse of discretion. To support his contention, Collins points to Betty K. Agencies Ltd., 432 F.3d at 1339, where we stated that:

> [A] dismissal with prejudice, whether on motion or sua sponte, is an
> extreme sanction that may be properly imposed only when: (1) a party
> engages in a clear pattern of delay or willful contempt (contumacious

conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. . . . Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.

Id. (quotation marks and citations omitted). Based on the two-pronged test recited in Betty K. Agencies, Collins argues that the district court abused its discretion because: (1) he has not engaged in a pattern of contumacious conduct; (2) any delays in filing the final joint trial statement resulted from his attorney's misconduct, those delays were not wilful, and they did not amount to a pattern of delay; and (3) neither the district court nor the magistrate judge made a specific finding that lesser sanctions would not suffice to prevent future delays.[1]

In response Lake Helen argues that the district court did not abuse its discretion because: (1) Collins frustrated all efforts to work together to prepare the joint statement; (2) the magistrate judge extended the filing deadline twice, to no avail; and (3) both parties were clearly and directly informed of the consequences that would accompany a third failure to meet the deadline.[2]

---

[1] We also note the statement in the conclusion of Collins' initial brief that "nothing short of 'clairvoyance' would have enabled Collins or his counsel to have anticipated that the court, or any court, would approve dismissal for want of prosecution under the facts of this case." That assertion is absurd. The transcript of the September 25th hearing indicates that Collins was specifically informed by the magistrate judge that his complaint would be dismissed for want of prosecution if the joint statement was not filed by October 13, 2006.

[2] Although Lake Helen's counterclaim was also dismissed, it is not appealing the dismissal order.

7

B.

The district court possesses the inherent power to police its docket. Link v. Wabash Railroad Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388 (1962). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102 (11th Cir. 1989). Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a party's complaint "[f]or failure . . . to prosecute or to comply with . . . any order of the court." But dismissal under Fed. R. Civ. P. 41(b) is appropriate only if "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K. Agencies Ltd., 432 F.3d at 1339; Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (reciting two-pronged test for dismissal); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980) (same).

Although it must find that lesser sanctions would not suffice to remedy the inappropriate conduct, the district court's finding can be explicit or implicit. See Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006); Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999); Goforth, 766 F.2d at 1535. But

8

we have never held that the district court need not make that finding at all. Hildebrand, 622 F.2d at 181.

As to the first prong of our two-pronged test, the district court did not abuse its discretion in finding that Collins engaged in a clear pattern of delay. Collins did not submit a joint statement before any of the three deadlines set by the court. After missing the third deadline, Collins delayed four days before bothering to file another motion to extend the filing deadline. And when he finally did file that motion, he failed to accept responsibility for the missed deadline—instead blaming the district court's clerk and Lake Helen.

Whether the district court or the magistrate judge satisfied the second prong, which requires an explicit or implicit finding that lesser sanctions would not suffice, is less clear. Betty K. Agencies Ltd., 432 F.3d at 1339. Neither the magistrate judge's report and recommendation nor the district court's order contains any indication that lesser sanctions were considered. The district court's order contains only the usual language adopting the magistrate judge's report. And the magistrate judge's report states only that the parties had received "fair warning" of what would happen if they did not meet the October 13th deadline for filing the joint pretrial statement. Given the lack of any indication that other sanctions were considered, the pivotal issue in this case is whether the magistrate

judge's warning to the parties that it would dismiss the case for want of prosecution if they did not meet the October 13th deadline amounts to an implicit finding that "lesser sanctions would not suffice." Goforth, 766 F.2d at 1535.

Although the magistrate judge undoubtedly considered dismissal, there is no indication that he considered other sanctions. And the facts of this case are distinguishable from other cases where we have found the district court's consideration of lesser sanctions to be implicit. For example, in Zocoras, the defendant himself committed the misconduct that warranted dismissal by intentionally misidentifying himself before the court. See Zocaras, 465 F.3d at 484. Unlike Zocaras, the misconduct here appears to have been perpetuated primarily by Collins' counsel.

Likewise, in Gratton, the plaintiff had not only failed to meet filing deadlines, he also had facilitated the spoliation of evidence and had already received two lesser sanctions. Gratton, 178 F.3d at 1374–75. Here, the magistrate judge pointed out that Collins had previously moved to extend six filing or discovery deadlines, but four of those six motions were either unopposed or were made jointly with Lake Helen. Additionally, Collins has not previously been sanctioned in this case.

Furthermore, Collins' misconduct does not rise to the same level of

10

egregiousness as the misconduct in cases where we affirmed the district court's dismissal. See Goforth, 766 F.2d at 1535. In Goforth, the plaintiffs' attorney had failed to meet numerous filing deadlines and did not show up for court on the first day of trial. The defendants, who were physicians, were harmed by the attorney's misconduct because they had either cancelled or postponed three-days worth of work to attend the trial. Id. Consequently, the district court dismissed the plaintiff's case for want of prosecution, and we affirmed. Id. Here, there is no allegation that Collins' attorney failed to appear at any hearings, and the trial had not yet started.

Instead, the facts of this case are similar Mingo, 864 F.2d at 102, where we noted that:

> The district court did mention that earlier in the litigation the cause had come close to dismissal; in fact, the court had warned plaintiff on at least two prior occasions that further delay might yield dismissal. In its order finally disposing of the action, the court concluded that dismissal was warranted because "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has," and further, that "the circumstances of this case cry out for such a 'just, speedy, and inexpensive determination.'"

Id. Yet, despite the warnings from the district court, we held in Mingo that: "Because the sanction of dismissal with prejudice is so unsparing, however, we hesitate to infer from this language that the trial court reflected upon the wide

11

range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion." Id.

Similarly, counsel for Collins was warned that her client's complaint was one missed deadline away from dismissal for want of prosecution. The magistrate judge was understandably frustrated by Collins' repeated failure to complete the final joint pretrial statement. However, despite the inexcusable behavior by counsel for Collins, there is nothing in the magistrate judge's report indicating that he considered other sanctions and found them inadequate to address the problem at hand. Therefore, the second prong of our two-pronged test for dismissing a case for want of prosecution has not been satisfied. That does not mean that after explicit consideration of other sanctions on remand a dismissal would be an abuse of discretion. We do not have that issue before us and intimate no view on it.

We do note, for whatever the district court may find it worth, that the vacation "of the dismissal with prejudice does not deprive the district court of the authority to impose lesser sanctions against the plaintiff, or disciplinary action against the attorney, if the Court decides such would be appropriate under the established law and the facts of this case." Ford v. Fogarty Van Lines, Inc., 780 F.2d 1582, 1583 (11th Cir. 1986).

**III.**

12

Collins' second contention is that the magistrate judge abused his discretion by denying his motion for discovery sanctions. The basis of that motion was that Lake Helen had withheld discoverable business records. In denying the motion for sanctions, the magistrate judge credited Lake Helen's response that it had "produced everything in [its] possession" and denied the motion as "inexcusably untimely and otherwise without merit."

Collins now argues (1) that Lake Helen did not produce all of its records and (2) that by withholding those returns, Lake Helen frustrated his efforts to identify the general and limited partners of Lake Helen at the time the property in Volusia County was sold. Lake Helen responds that (1) it produced all of the documents that the magistrate judged ordered it to produce; and (2) the magistrate judge's report and recommendation supports its position.

We review the magistrate judge's determinations on discovery sanctions for an abuse of discretion. See Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997). Here, Collins has pointed to no evidence rendering unreasonable the magistrate judge's decision to accept Lake Helen's statement that it had submitted all discoverable documents. Therefore, we cannot say that the magistrate judge abused his discretion by denying Collins' motion for sanctions.

**IV.**

13

Insofar as the judgment of the district court dismisses the complaint, it is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion. Insofar as the order denying the motion for sanctions is concerned, it is **AFFIRMED**.