[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14085
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20190-DLG

AMIR A. KAMMONA,

                                                        Plaintiff-Appellant,

versus

ONTECO CORPORATION,
DROR SVORAI,
HAIM MAYAN,
JORGE SCHCOLNIK,
ACTION STOCK TRANSFER CORPORATION,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 29, 2014)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Amir Kammona, proceeding pro se, appeals the district court's sua sponte order closing his case and dismissing his complaint as to Dror Svorai and Haim Mayan for failure to comply with court orders. Additionally, Kammona challenges a number of preceding non-final orders that (1) directed service of process within a specified time limit and informed Kammona of instructions for pro se litigants; (2) dismissed his complaint without prejudice as to Jorge Schcolnik for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5);[1] (3) quashed service upon Svorai;[2] (4) dismissed his complaint as to Action Stock Transfer Corporation (Action) for lack of personal jurisdiction; and (5) dismissed his complaint without prejudice as to Onteco Corporation (Onteco) for failure to state a securities-fraud claim pursuant to Rule 12(b)(6) and Rule 9(b), and for lack

---

[1] All subsequent references to Rules denote the Federal Rules of Civil Procedure unless otherwise specified.

[2] Svorai moves to dismiss this appeal as untimely to the extent that Kammona seeks review of the district court's July 23, 2013 order granting Svorai's motion to quash service. However, the court's order was not yet final and appealable when it was entered, and Kammona filed a timely notice of appeal within 30 days of the district court's final order of dismissal on August 19, 2013. Consequently, this Court has jurisdiction to review the final order and all preceding non-final orders. *See Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369–70 (11th Cir. 1989) ("[A] final judgment . . . incorporates and brings up for review the preceding nonfinal order[s]."); Fed. R. App. P. 4(a)(1)(A). Svorai's motion to dismiss is denied.

of standing to bring the suit directly and failure to sufficiently plead a derivative action pursuant to Rule 23.1.[3]

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm in part, and vacate and remand in part. We will address the non-final orders appealed first, then the court's final order.

I.

Kammona appeals the district court's April 9, 2013 order to serve defendants with the summons and complaint within 21 days thereof, on the grounds that the order reduced his time to serve from the 120 days provided by Rule 4(m) to 104 days. However, the district court neither addressed nor enforced through subsequent orders the April 9 order. Instead, the court dismissed Kammona's case for failure to comply with two subsequent court orders directing service, both of which resulted in more time than the statutory 120-day period.[4]

Kammona additionally argues that the district court's April 17, 2013 order of instructions to pro se litigants contained misleading language. He specifically

---

[3] Before the district court, Kammona, a shareholder of common stock shares in Onteco, claimed breach of fiduciary duty and securities fraud against Onteco; Svorai, Onteco's Chief Executive Officer; and Schcolnik, Onteco's incoming president of the board of directors. Kammona also included Action in his complaint, alleging that, as a transfer agent, Action allowed Onteco's restricted shares to enter into the open market.

[4] The court dismissed Kammona's claims against Schcolnik and Onteco on other grounds, explicitly declining to decide their motions to dismiss based on Kammona's purported failure to comply with the April 9 order. Then, on July 23, 2013, the court ordered Kammona to serve Svorai within fourteen days, and on July 24, 2013, the court ordered Kammona to serve the other remaining defendant, Mayan, within 21 days. Kammona's failure to comply with these court orders resulted in the court dismissing Kammona's claims and closing the case.

objects to language in the April 17 order instructing that "[i]f a pro se plaintiff cannot serve the complaint on a defendant due to lack of information, the case will be dismissed with respect to that defendant." Although we construe pleadings filed by pro se parties liberally, *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), Kammona offers no authority to support his assertion that the language in the April 17 order was misleading, and he has not shown that it played any role in the outcome of his case. Because the April 9 and April 17 orders were not used as the basis for any of the district court's subsequent dismissals of Kammona's claims, Kammona cannot show that either order had any effect on the ultimate outcome of his case. For these reasons, we affirm the district court.

## II.

Kammona also argues that the district court erred in dismissing his complaint pursuant to Rule 12(b)(5) for insufficient service of process as to Schcolnik, because he put substantial effort into serving the complaint and utilized the best paths to give Schcolnik actual notice of the suit. For similar reasons, Kammona contends that the district court erred in quashing service as to Svorai.

### A. Defendant Schcolnik

We apply a "de novo standard to the law and a clear error standard to any findings of fact" when reviewing a district court's grant of a motion to dismiss for insufficient service of process under Rule 12(b)(5). *Prewitt Enters., Inc.*

*v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 920 (11th Cir. 2003).  In assessing the validity of service of process, "the standards of proof governing motions to dismiss for lack of personal jurisdiction" are applicable.  *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008); *see also Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (per curiam) (noting that proper service of process is one of the components of personal jurisdiction).

Under Rule 12(b)(5), a defendant may bring a motion to dismiss based on insufficient service of process.  A plaintiff must serve the summons and a copy of the complaint on each defendant within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(c), (m).  An individual defendant may be served in a number of ways, including pursuant to state law for serving a summons in an action in a court of general jurisdiction, or, as is relevant here, by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B).  Like its federal counterpart, Florida permits service of process by leaving a copy at the person's "usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents."  Fla. Stat. § 48.031(1)(a).

After several failed attempts to serve Schcolnik, Kammona found what he believed was Schcolnik's residential address and attempted to effect service by

5

leaving a copy of the summons and complaint with a person at that address. However, Schcolnik argued that he did not reside at the address where Kammona attempted service.

Before the district court, Kammona offered no evidence to support his assertion that, at the time of service, Schcolnik resided at the address served. In contrast, the district court noted that Schcolnik "specifically describe[d] how the service of process fail[ed] to meet the procedural requirements of Federal Rule of Civil Procedure 4" and, importantly, provided affidavits to support his position. The district court concluded that Kammona had not comported with the requirements of either the federal rules or the Florida statute governing service.

Regardless of whether Kammona put forth substantial effort in serving Schcolnik, none of his methods succeeded in properly serving the complaint. While pro se pleadings are afforded some leniency, they must still conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). Accordingly, we affirm the district court's dismissal without prejudice of Kammona's complaint pursuant to Rule 12(b)(5) for insufficient service of process with regard to Schcolnik.

## B. Defendant Svorai

Kammona also argues that the district court erred in quashing service as to Svorai. "A defendant must show invalidity of service by clear and convincing

proof before being entitled to an order granting a motion to quash." *McLean v. Church of Scientology of Cal.*, 538 F. Supp. 545, 547 (M.D. Fla. 1982).  Any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff.  *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Atlantic Lines, Ltd. v. M/V Domburgh*, 473 F. Supp. 700, 703 (S.D. Fla. 1979).

After employing several process servers due to purported difficulties in locating Svorai's correct address, Kammona turned to the Broward County Sheriff's Office to serve Svorai.  Kammona subsequently filed a Return of Service showing that the Sheriff's Office served Svorai with a copy of the summons and complaint by leaving it with Svorai's father at 1065 Lyon Tree Street, Hollywood, FL 33019, after previously attempting service five times.

Svorai filed a verified motion to quash service, stating only that "[a]t all times material hereto," he "did not reside at 1065 Lyon Tree Street, Hollywood FL 33019, in fact, the Defendant herein resided in Miami-Dade County."  Kammona then responded that the service was not defective because, among other reasons, the address is the same one listed on Svorai's driver's license.  *See Baker v. Stearns Bank, N.A.*, 84 So.3d 1122, 1126 (Fla. Dist. Ct. App. 2012) (including a photocopy of current driver's license substantiated "usual place of abode"); *see also Vidal v. Perez*, 720 So. 2d 605, 606 (Fla. Dist. Ct. App. 1998) ("Florida law requires that a driver keep current the address for his or her motor vehicle

7

registration and driver's license").  Svorai did not contest that the process was served at the address on Svorai's license.  However, the court granted the motion and quashed service on the basis that Kammona's assertions did not "contradict" Svorai's assertion that Svorai does not reside at the address served.  In so doing, the district court failed to construe reasonable inferences and resolve conflicts in the plaintiff's favor.[5]  *See Madara*, 916 F.2d at 1514.

With only a bare assertion that Svorai did not reside at the address served, absent support or any rebuttal to Kammona's evidence, Svorai did not overcome Kammona's evidence with clear and convincing proof that the service was invalid.  Consequently, the district court erred in granting Svorai's motion to quash.  *See McLean*, 538 F. Supp. at 547.  We vacate the court's order granting Svorai's motion to quash service and remand for proceedings consistent with this opinion.

### III.

Kammona argues that the district court erred in dismissing his case against Action for lack of personal jurisdiction.  On appeal, Kammona avers that 15 U.S.C. § 78aa authorizes nationwide personal jurisdiction, and the court, for due

---

[5] We are not holding that the address on a driver's license is irrebuttable evidence of residence for purposes of service.  Rather, the district court failed to consider the pleadings in the "light most favorable to the plaintiff," *Atlantic Lines, Ltd.*, 473 F. Supp. at 703, when its basis for quashing service was that this evidence did not contradict Svorai's sole statement that, "[a]t all times material hereto," Svorai "did not reside" at the address in question.  This is particularly true given Svorai's failure to provide any additional refutation or assertion, an alternate address, or other such evidence.

process purposes, should have analyzed Action's "minimum contacts" with the United States as a whole and not just with Florida.

A district court's dismissal for lack of personal jurisdiction is reviewed de novo. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). Section 78aa(a) of Title 15 of the United States Code provides:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder . . . may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 78aa(a).

Consequently, this nationwide service-of-process provision grants district courts nationwide personal jurisdiction over any defendant that has minimum contacts with the United States. *See U.S. Sec. & Exch. Comm'n v. Carrillo*, 115 F.3d 1540, 1544 & n.4 (11th Cir. 1997). In such an instance, the constitutional limits of the court's jurisdiction are fixed by the Due Process Clause of the Fifth Amendment, rather than the Fourteenth Amendment, and the applicable forum for a minimum contacts analysis is the United States. *Id.* at 1543–44; *see BCCI Holdings*, 119 F.3d at 946–47 (stating that the constitutional analysis requires an

9

analysis of the "defendant's aggregate contacts with the nation as a whole rather than his contacts with the forum state"). It would be "highly unusual" for inconvenience of forum to rise to a level of constitutional concern. *BCCI Holdings*, 119 F.3d at 947. "[T]he burden is on the defendant to demonstrate that the assertion of jurisdiction in the forum will make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Id.* at 948 (alteration in original) (internal quotation marks omitted).

Because § 78aa authorizes nationwide service of process in securities-fraud cases, the district court incorrectly analyzed Action's minimum contacts in the context of the forum state of Florida, as opposed to its contacts with the United States as a whole. Since Action is a stock transfer corporation with a Utah address, also serving as the transfer agent for a Nevada corporation doing business in Florida, Action's basic operations show that it has at least "minimum contacts" with the United States.[6] Further, the district court improperly conducted the constitutional analysis under the Fourteenth Amendment rather than the Fifth Amendment, and did not indicate how these particular circumstances were highly

---

[6] In applying the nationwide service of process provision under § 78aa, courts have found that "[i]f a defendant is located in the United States, that defendant will almost always have minimum contacts with the United States sufficient to allow a federal court to exercise personal jurisdiction." *Szulik v. TAG Virgin Islands, Inc.*, 858 F. Supp. 2d 532, 540–41 (E.D.N.C. 2012) (citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1257–58 (5th Cir.1994); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir.1993); *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315–16 (9th Cir.1985); *Fitzsimmons v. Barton*, 589 F.2d 330, 332–34 (7th Cir.1979)).

unusual and inconvenient such that they rose to the level of unacceptable constitutional concern.  Thus, we find that the district court erred in dismissing Kammona's claim against Action for lack of personal jurisdiction.

However, although the district court decided Action's motion on jurisdictional grounds and, accordingly, did not reach the merits of Action's 12(b)(6) and 9(b) motion to dismiss, we "may affirm a judgment on any legal ground, regardless of the grounds addressed and relied upon by the district court." *See Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235–36 (11th Cir. 2004). Kammona's only claim against Action is that Action served as Onteco's transfer agent and, as such, enabled Onteco to dilute shares.  Since we find, for reasons set forth below, that Kammona failed to state a claim against Onteco, Kammona's claim against Action is also insufficient.  Accordingly, we affirm the district court's July 2, 2013, order dismissing Kammona's claim against Action.

## IV.

Kammona argues that, when viewed as a whole, his complaint satisfied the pleading requirements of Rules 12(b)(6) and 9(b) to state a claim for fraud under the Security and Exchange Commission's Rule 10b-5, 17 C.F.R. § 240.10b-5. Additionally, he argues that he had direct standing to bring his lawsuit, and his complaint could otherwise be modified to be brought as a derivative suit.

11

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam).  The allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff.  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original) (citations omitted).

To state a claim under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, the plaintiff must show "(1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff relied, (5) that proximately caused his injury." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted). Moreover, to survive a motion to dismiss, a plaintiff's claims of fraud under Section 10(b) and Rule 10b-5 must meet the particularity requirements of Rule 9(b).  *Id.*  A complaint satisfies Rule 9(b) when it sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of

12

such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* (internal quotation marks omitted).

Further, it is the "established rule that whenever a plaintiff sues in a stockholder capacity for corporate mismanagement, he must bring the suit derivatively in the name of the corporation." *Citibank, N.A. v. Data Lease Fin. Corp.*, 828 F.2d 686, 692 (11th Cir. 1987). "[T]he policy supporting the rule forbidding direct shareholder suits against management is most compelling when the plaintiff is similarly situated to other shareholders, suffers the same injury, and retains the same opportunity to be made whole by a corporate recovery from the wrongdoer." *Id.* at 693. In order to satisfy the pleading requirements for a derivative action under Rule 23.1, the complaint must be verified and must state with particularity:

> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b)(3). Generally, we review a dismissal under Rule 23.1 for abuse of discretion. *Stepak v. Addison*, 20 F.3d 398, 402 (11th Cir. 1994).

Kammona did not allege any injury that was separate and distinct from injury suffered by other shareholders. *See Citibank*, 828 F.2d at 693. Kammona's complaint consisted of derivative claims that he incorrectly attempted to bring

13

directly, and his complaint did not meet the pleading standard for a derivative action under Rule 23.1.  Consequently, the district court did not abuse its discretion in concluding that Kammona lacked standing to bring his suit directly against Onteco insofar as he sought to challenge the board's breach of its fiduciary duties.

Furthermore, Kammona failed to allege any of the required elements for a securities-fraud claim with any specificity above a general claim of stock dilution, and he did not assert any specific misstatements or omissions of material fact or that his reliance on any such misstatement or omission was the proximate cause of his harm.  Indeed, Kammona did not even complete a "formulaic recitation of the elements" of his cause of action, which, under the *Twombly* standard, would still be insufficient to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.  Thus, the district court did not err in dismissing Kammona's complaint against Onteco for failure to state a claim under Rules 12(b)(6) and 9(b).  *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").  We affirm the district court's order.

## V.

As to the district court's final order that closed Kammona's case and dismissed the complaint against Svorai and Mayan, Kammona argues that the

district court erred in dismissing his complaint with prejudice against the two remaining defendants because the court's dismissal was, in substance, a dismissal pursuant to Rule 4(m), which only permits dismissal without prejudice.  The district court order did not specify whether the case was dismissed with or without prejudice, or what authority supported dismissal.

Rule 4(m) sets forth the time limit within which a plaintiff serve a complaint after the complaint is filed.  If the plaintiff fails to effect service in compliance with the Rule, the court has two options—it can either (1) dismiss the action without prejudice, or (2) order the plaintiff to effect service within a time the court specifies.  Fed. R. Civ. P. 4(m); *see also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).  Here, after finding that Kammona failed to effect service in accordance with the Rule, the court selected the second option and ordered service within a specified time.  Failure to comply with a court order can result in dismissal pursuant to Rule 41(b), which provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[7]

---

[7] Despite the plain language of Rule 41(b) indicating that a defendant may move for dismissal, a district court may sua sponte dismiss a case under the authority of either (1) Rule 41(b), or (2) the court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting further that many 11th Circuit decisions elide any distinction between sua sponte dismissals and dismissals upon the motion of the defendant).

15

Since it was Kammona's failure to comply with the court's orders that resulted in sua sponte dismissal, Rule 41(b) applies.

We review a dismissal under Federal Rule of Civil Procedure 41(b) for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). Dismissals under Rule 41(b) are with prejudice unless otherwise stated. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06, 121 S. Ct. 1021, 1026–27 (2001). Dismissal with prejudice is appropriate only if "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies Ltd.,* 432 F.3d at 1337–38. Consequently, a district court abuses its discretion when it sua sponte dismisses a civil action with prejudice without specifically finding that the plaintiff acted willfully and that a lesser sanction would not have sufficed, *Betty K Agencies Ltd.,* 432 F.3d at 1338–42, and nothing in the record before the court supports a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed. .

The district court abused its discretion by sua sponte dismissing Kammona's complaint as to Svorai and Mayan for failure to comply with court orders. First, the record does not support a finding that Kammona engaged in a clear pattern of delay or willful contempt; to the contrary, the record is replete with examples of his attempts to comport with the rules. Second, the order failed to indicate why

lesser sanctions would be ineffective or whether the court considered that Kammona could be time-barred by the applicable statute of limitations from re-filing his complaint.  *See id.*; *see also Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) (per curiam) (noting the district court must specifically determine that lesser sanctions would be insufficient; the court may do so with an explicit or implicit finding, but "we have never held that the district court need not make that finding at all").  For this reason, the August 19, 2013 judgment of the district court dismissing Kammona's complaint and closing the action is vacated and the case is remanded for further proceedings consistent with this opinion.[8]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART; MOTION TO DISMISS DENIED.**

---

[8] We note, however, that "the vacation 'of the dismissal with prejudice does not deprive the district court of the authority to impose lesser sanctions against the plaintiff . . . if the Court decides such would be appropriate under the established law and the facts of this case.'"  *Collins*, 249 F. App'x at 122 (quoting *Ford v. Fogarty Van Lines, Inc.,* 780 F.2d 1582, 1583 (11th Cir. 1986) (per curiam)).